NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0509n.06

No. 22-6060

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Dec 08, 2023

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| RICKY LEE STEWART, III, | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |

Before: MOORE, McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, J., delivered the opinion of the court in which McKEAGUE, J., joined. MOORE, J. (pg. 4), delivered a separate opinion concurring in the judgment only.

KETHLEDGE, Circuit Judge. Ricky Lee Stewart, III shot and killed a police officer during an attempted robbery. To avoid a potential death sentence, Stewart entered into a plea agreement in which he waived his right to appeal or to attack his conviction collaterally. Yet Stewart seeks to attack his conviction nonetheless, by way of a second or successive § 2255 motion. The district court enforced Stewart's plea agreement and denied the motion. We affirm.

In December 2009, Stewart attempted to rob the Save-A-Lot grocery store in Henderson, Tennessee. While doing so, Stewart opened fire on responding officers with a .44-caliber revolver, mortally wounding Captain Dennis Cagle of the Henderson Police Department. Cagle died three days later.

A federal grand jury later indicted Stewart on four counts, to wit: attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); discharging a firearm during and in relation

to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); using a firearm to commit first-degree murder in the course of a crime of violence, in violation of 18 U.S.C. § 924(j)(1) (Count 3); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 4). Attempted Hobbs Act robbery served as the predicate crime of violence for Counts 2 and 3.

Stewart's attorneys, Arthur Quinn and Michael Stengal, advised him to plead guilty to avoid a potential death sentence for his murder of Captain Cagle. Stewart took their advice. Specifically, he entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which the government agreed not to seek the death penalty and Stewart "knowingly and voluntarily waive[d] his right to contest or appeal, pursuant to 18 U.S.C. § 3742 or 28 U.S.C. § 2255," the sentence imposed by the district court. Plea Agreement at 3, *United States v. Stewart*, No. 1:10-cr-10029-JDB-1 (W.D. Tenn. Oct. 4, 2011), ECF No. 127, PageID 260. The district court accepted Stewart's plea, finding that he had knowingly and voluntarily entered into the agreement and that he understood the rights he was relinquishing. At Stewart's sentencing hearing the district court again confirmed that Stewart understood he had waived his rights to appeal his sentence or later challenge it in a § 2255 motion. The court then sentenced Stewart to life imprisonment on Count 3, in addition to sentences totaling 30 years on the other counts.

A year later, in October 2013, Stewart moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his trial counsel had provided constitutionally ineffective assistance and that his guilty plea was involuntary. The district court denied the motion and we denied a certificate of appealability.

Stewart filed this § 2255 motion in June 2020, arguing that his conviction for attempted Hobbs Act robbery no longer qualified as a crime of violence under § 924 after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court dismissed

that motion, holding that Stewart waived the right to challenge his sentence by the plain terms of his plea agreement under this Court's precedent in *Portis v. United States*, 33 F.4th 331, 335–39 (6th Cir. 2022).

We agree with the district court.  Stewart expressly agreed to his sentence of "life imprisonment" in his plea agreement; he expressly waived his right to bring a motion under 28 U.S.C. § 2255 to challenge that sentence, which is exactly the motion he seeks to bring here; and he does not challenge the validity of that waiver.  Stewart therefore expressly and validly waived his right to bring this § 2255 motion.  *Portis*, 33 F.4th at 335–39.  Moreover, unlike some other cases, Stewart's plea agreement did not preserve a right to appeal a sentence allegedly exceeding the statutory maximum.

The district court's order is affirmed.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I agree with the majority that we should affirm the district court; however, I write separately because I would hold simply that Ricky Lee Stewart III waived any argument that his collateral-attack waiver was unenforceable. Without proper briefing on the issue, I would not reach the question of whether Stewart's collateral-attack waiver bars his claim. I therefore concur in the judgment.

"[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)); *see also Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) (finding that the petitioner waived an argument that he "sought an expansion of the COA to include" because he "elected not to pursue it in his opening brief"). The district court denied Stewart's 28 U.S.C. § 2255 petition because it found that the collateral-attack waiver in his plea agreement was enforceable. Civ. R. 25 (Nov. 10, 2022 Dist. Ct. Order at 8–14) (Page ID #212–18). Stewart then sought, and this court granted, a certificate of appealability on the question of whether the collateral-attack waiver bars his petition. *See* D. 6 (Order Granting COA at 2–5). Nonetheless, the entirety of Stewart's opening brief focuses on whether *United States v. Taylor*, 142 S. Ct. 2015 (2022), invalidates his convictions, without addressing the collateral-attack waiver. *See* Appellant Br. at 12–19. Despite the government's extensive appellate briefing about the enforceability of the collateral-attack waiver, *see* Appellee Br. at 11–32, Stewart also failed to file a reply brief. Having not presented any argument on the enforceability of the collateral-attack waiver, Stewart has waived this issue. *See, e.g.*, *Sanborn*, 629 F.3d at 579.

Accordingly, I would affirm the district court because Stewart failed to address the only ground on which the district court denied his petition. I concur in the judgment.